IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER O'NEAL HUNDLEY, | ) | |
| AIS #206030, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-502-D |
| | ) | |
| LEEOPOSEY DANIELS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Christopher O'Neal Hundley ("Hundley"), a state inmate, complains that his constitutional rights were violated during his employment at the Montgomery Area Food Bank. The plaintiff names Leeoposey Daniels, the warden of the Montgomery Community Work Center, Sgt. William Howard, a correctional officer at this facility, B. Adams, a nurse at the Kilby Correctional Facility, and Carey Welch, a distribution supervisor for the food bank, as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of the claims against Carey Welch prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

The Montgomery Area Food Bank is a non-profit, private agency which distributes free food to low income residents throughout central Alabama. The instant complaint contains claims against Carey Welch, a private individual employed by the food bank, for actions undertaken during the plaintiff's employment with the food bank while a participant in the work release program operated by the Alabama Department of Corrections. Specifically, Hundley complains that defendant Welch assigned him to a work detail without appropriate training which resulted in an injury to his ankle. *Plaintiff's Complaint* at 3.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original).

The only relevant nexus between defendant Welch and the State of Alabama is his supervision of an inmate employed through the work release program. The law is well established that acts of "private contractors do not become the acts of the government [simply] by reason of their . . . engagement in . . . public contracts" regardless of whether

such engagement is "significant or even total." *Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982). It is irrelevant that the private entity contracts with the state prison system whose responsibility involves the incarceration of inmates which is a "function traditionally reserved for the state." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.1991). Thus, an inmate's mere employment with a state contractor does not convert the employer into a state actor. *Rendell-Baker*, 457 U.S. at 831-832, 834-835.

In light of the foregoing, it is clear that Carey Welch is not a state actor. Consequently, the actions of this defendant about which the plaintiff complains were not committed by a person acting under color of state law and cannot be considered state actions. Accordingly, the court concludes that the claims presented by the plaintiff against Carey Welch are frivolous and are therefore subject to summary dismissal pursuant to the directives 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for relief against Carey Welch be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Carey Welch be dismissed as a party to this cause of action.

3. The plaintiff's claims against defendants Daniels, Howard and Adams be referred back to the undersigned for further appropriate proceedings.

It is further

ORDERED that on or before June 14, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of June, 2005.

                                                           **/s/ Delores R. Boyd**
                                                           DELORES R. BOYD
                                                           UNITED STATES MAGISTRATE JUDGE