IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER O'NEAL HUNDLEY, ) | |
| AIS #206030, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-502-D |
| ) | WO |
| ) | |
| LEEOPOSEY DANIELS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Christopher O'Neal Hundley ("Hundley"), a state inmate, asserts that the defendants violated his constitutional rights during his employment at the Montgomery Area Food Bank. Specifically, the plaintiff contends that the defendants failed to provide him with adequate training for his job assignment which resulted in an injury to his ankle. The plaintiff names Leeoposey Daniels and William Howard, correctional officials employed at the Montgomery Community Work Center, nurse Adams, an employee of the correctional system's health care provider, and Carey Welch, an employee of the Montgomery Area Food Bank, as defendants in this cause of action.

On June 2, 2005, the undersigned issued a Recommendation that Hundley's claims against Carey Welch be dismissed as this individual is not a state actor, an essential element to an action filed under 42 U.S.C. § 1983. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985 (1999) (To state a viable claim for relief under

§ 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"). In response to this Recommendation, the plaintiff filed an amendment to his complaint in which he argues that dismissal of defendant Welch is improper as Welch "acted in concert" with the other defendants and "thereby committed conspiracy under 18 U.S.C. § 241 and 242." *Court Doc. No. 8* at 2.

Upon review of the pleadings filed by the plaintiff, the court concludes that dismissal of the conspiracy claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

1. <u>The Criminal Conspiracy</u>. Hundley asserts that the actions of defendant Welch constituted a criminal offense in violation of the provisions of 18 U.S.C. § 241 and § 242. "These criminal provisions, however, provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Moreover, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Consequently, the criminal conspiracy claim is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. <u>The Civil Conspiracy</u>.  To the extent Hundley asserts that defendant Welch conspired with correctional officials to violate his constitutional rights in violation of 42 U.S.C. § 1983, he is likewise entitled to no relief.  As previously noted, in order to maintain such an action, the conduct complained of must have been committed by a person acting under color of state law.  It is clear that the actions of defendant Welch, standing alone, would not qualify as actions committed by a person acting under color of state law.  However, in an effort to avoid dismissal of his claims against defendant Welch, the plaintiff alleges that this individual acted in concert with defendants Daniels and Howard in assigning him to a task for which he had not received appropriate training.

A conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy.  *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  The court has carefully reviewed the plaintiff's complaint.  At best, the plaintiff's assertions are self serving, purely conclusory allegations that fail to assert those material facts necessary to properly allege a conspiracy between Mr. Welch and the correctional defendants such that Welch is transformed into a state actor.  *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (simply "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties

"reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).

Hundley has merely set forth a series of events which allegedly resulted in a violation of his constitutional rights. In light of the foregoing, the court concludes that the plaintiff's bare allegation of a conspiracy involving his supervisor at the Montgomery Area Food Bank and the correctional defendants is insufficient to support a claim for relief against defendant Welch under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's conspiracy claims against Carey Welch be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Carey Welch be dismissed as a party to this cause of action.

3. The Recommendation entered on June 2, 2005 be adopted.

4. The plaintiff's claims against defendants Daniels, Howard and Adams be referred back to the undersigned for further appropriate proceedings.

It is further

ORDERED that on or before June 23, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10TH day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE