IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Christopher O'Neal Hundley,
A.I.S.# 206030,
    Plaintiff,

V.

Bob Riley, Governor,
Donald Campbell, Commissioner,
Lee Posey Daniels, Warden, and
Elizabeth Allen, Steward I,
    Defendants.

CIVIL ACTION NO: 2:05-CV-502-D

## AMENDED COMPLAINT

Comes now the Plaintiff by and through PRO/SE in the above styled Civil Action hereby moves the District Court on Amended Complaint, and in support Plaintiff states the following:

AMENDED GROUND ONE: Defendant Bob Riley is employed as the Governor for the State of Alabama and Chief Commander of this State acting under Color of State

(2)

Law have in Fact Failed in his duties and responsibilities to train his staff of the Alabama Department of Corrections to run Alabama Prisons in a Constitutional manner and is being sued in his official and individual Capacity for violating Plaintiff Eight and Fourteenth Amendment Rights of the United States Constitution to be Free From over Crowded Barbaric health hazard and lack of Security Conditions at Montgomery Community Work Center for the Alabama Department of Corrections and his subordinate Defendant Donald Campbell duties as Commissioner under Color of State law to superintend the management of the Convicts and all subordinate officers, persons and Guards which Created this deliberate indifference. Supporting FACTS: Defendant Bob Riley acting in Concert with Defendants Campbell, Daniels and Allen, et. al, have undisputively allow Plaintiff and other Convicts to be subjected to over Crowed, Barbaric health hazard and lack of security Condition totally Contrary to the Higher Courts holdings in PUGH V. LOCKE, 406 F. Supp. 318 (1976) and Newman V. State, of Alabama, 559 F.2d 283 (1977).

(3)

AMENDED GROUND TWO: Defendant Donald Campbell, is employed as Commissioner for the ALABAMA Department of Corrections acting under Color of State law is being sued in his official and individual Capacity for failing to superintend the Management of the Convicts and all Subordinate Officers, persons and guards at Montgomery Community Work Center that are rejects from other facilities who have Killed, assaulted and Sexually harassed other Staff Members prior to arrival at Montgomery Community Work Center over crowded Barbaric health hazard and lack of Security Conditions in violation of Plaintiff Eighth and Fourteenth Amendment of the United State Constitution.

Supporting Facts: Defendant Donald Campbell; acting under Color of State law and in Concert with Defendants Bob Riley, LEEposey Daniels and Elizabeth Allen et.al, has undisputively allowed Plaintiff and other Convicts to be subjected to over crowded barbaric health hazzard and lack of security Conditions totally Contrary to the holdings of higher Courts in PUGH V. LOCKE, 406 F. Supp. 318 (1976) and Newman V. State of Alabama, 559 F. 2d 283 (1977).

(4)

AMENDED GROUND THREE: Defendant Leeposey Daniels, is employed as Warden at Montgomery Community Work Center for the Alabama Department of Corrections acting under color of state law is being sued in his official and individual capacity for failing to superintend the management of all subordinate officers, person and guards at Montgomery Community Work Center over crowded barbaric health hazard and lack of security conditions in violation of Plaintiff Eighth and Fourteenth Amendment Rights of the United States Constitution

Supporting Facts: Defendant Leeposey Daniels, acting in concert with Defendants Riley, Campbell and Allen, allows Plaintiff and other convicts to be attacked by his subordinate officials with malicious prosecution through means of frivolous disciplinary charges, live in overcrowded M.C.W.C. dorm subjected to cruel and unusual conditions of being subjected to the living area and to the showers to ensure subjections to the heat elements with only two cooling fans at the front of the over crowed dorm and no fan for cooling inmate at the back of the over heated dorm, and eventhough inmates work every day and sometimes on Sunday, cloths are not wash every day nor properly clean to meet health standards, and allows his subordinate Sgt. Howard to subject Plaintiff and other convicts to job discrimination. Plaintiff contend that Plaintiff is subjected to mail censorship both regular and legal mail in violation of Plaintiff First and Fourteenth Amendment of the United States Constitution.

(5)

GROUND FOUR: Defendant Elizabeth Allen, is employed as Steward I At Montgomery Community Work Center for the Alabama Department of Corrections. Plaintiff File this Amended Complaint in good Faith against defendant Allen For Malicious Prosecution, Violation of my First Amendment governing Free Speech Coupled with the Fourteenth Amendment of the United States Constitution to be Free of this arbitrary treatment which is punitive retaliation for Plaintiff Filing Civil action NO: 2:05-CV-502-D, and Defendant Allen is not a DOC Security officer under Color of State law Step beyond the Pale of her Profession of Food Service For DOC.

Supporting FActs: ON JUNE 13, 2005, IN retaliation Defendant Allen arbitrary and Maliciously Charge me with Disciplinary Charges MCWC-05-(I)-0152A and MCWC-05-(I)-0152B alleging that on MAY 29, 2005 I violated Rules #57: INSubordINATION and #56: Failure to obey a Direct order.

NAMES AND ADDRESSES OF AMENDED DEFENDANTS BELOW:

Bob Riley: Alabama State House, 11 South Union Street, Montgomery, Alabama 36130

Donald Campbell: Alabama Department of Corrections 64 North Union Street, Montgomery, Alabama 36130

LEEOPosey Daniels: P.O. Box 75, Mt. Meigs, Alabama 36057

Elizabeth Allen: P.O. Box 75, Mt. Meigs, Alabama 36057

## RELIEF

Plaintiff seek a jury trial pursuant to Rule 38 Federal Rules Civil Procedure and the 7th Amend. U.S.C.A., and for the punitive lost of Constitutional rights on the arbitrary basis, Plaintiff seek the sum of Six Million Dollars from all defendants Collectively, a temporary restraining order against all Defendants and any other relief the District Court deem, just, Proper and Fair.

DATE: 6/14/05

Respectively Submitted,
Christopher O'Neal Hundley

(7)

## VERIFICATION

I hereby verify under penalty of perjury this 14th day of JUNE 2005, that the information contained herein is true and correct to the best of my knowledge and belief.

## CERTIFICATE OF SERVICE

I hereby certify this 14th day of JUNE 2005, that I have served a true and correct copy of the same upon the defendants by placing in the U.S. Mail service postage prepaid.

*Christopher O'Neal Hundley*
Christopher O'Neal Hundley
P.O. Box 75
Mt. Meigs, AL 36057