IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL -8  P 3: 59

| | |
|---|---|
| CHRISTOPHER O'NEAL HUNDLEY, (AIS# 206030), | * * * * * |
| Plaintiff, | * * |
| V. | * *   2:05-CV-502 |
| LEEOPOSEY DANIELS, et al., | * * * |
| Defendants. | * |

## ANSWER

COMES NOW Defendant Brad Adams, C.R.N.P. for answer to the Plaintiff's Complaint in this matter, and states as follows:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Amended Complaint and demands strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Amended Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. The Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8. The Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendant sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The Defendant avers that he was at all times acting under color of state law and, therefore, he is entitled to substantive immunity under the law of the State of Alabama.

13. The Defendant pleads the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. The Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did he act toward the Plaintiff with deliberate indifference to a serious medical need.

18. The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20. The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The Defendant pleads the affirmative defense that he is not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

24.     The Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

27.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.     The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42

U.S.C. § 1988 to award this Defendant reasonable attorney's fees and costs incurred in the defense of this case.

    31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. <u>See</u> <u>Marie v. Nickels</u>, 70 F., Supp. 2d 1252 (D. Kan. 1999).

Respectfully submitted,

/s/ L. Peyton Chapman, III

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendant Brad Adams, CRNP

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this _8_ day of July 2005, to:

Christopher O'Neal Hundley AIS# 206030
Kilby Correctional Facility
12201 Wares Ferry Road
Montgomery, AL 36117

_____
R. Brett Garrett
Alabama State Bar Number GAR085