IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA **RECEIVED**
NORTHERN DIVISION

2005 JUL -8 P 3: 59

| | | |
|---|---|---|
| CHRISTOPHER O'NEAL HUNDLEY, | * | |
| (AIS# 206030), | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | 2:05-CV-502 |
| | * | |
| LEEOPOSEY DANIELS, et al., | * | |
| | * | |
| Defendants. | * | |

## SPECIAL REPORT OF DEFENDANT BRAD ADAMS, C.R.N.P.

COMES NOW Defendant Brad Adams, C.R.N.P. in response to this Honorable Court's

Order of June 2, 2005, and presents the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Christopher O'Neal Hundley (AIS# 206030) is an inmate confined at Kilby

Correctional Facility located in Mt. Meigs, Alabama. On or about May 27, 2005, Hundley filed

a Complaint alleging that Brad Adams, C.R.N.P. violated his constitutional rights by allegedly

denying him access to evaluation by a medical physician. (See Complaint). The Plaintiff

demands one hundred and fifty thousand dollars ($150,000.00) in punitive damages.

At all pertinent times, Nurse Adams has been employed by Prison Health Services, Inc.

("PHS") (the company currently contracting with the ADOC to provide medical care to inmates).

Specifically, Nurse Adams serves as a nurse practitioner at Kilby.

As directed, Brian Adams, C.R.N.P. has undertaken a review of Plaintiff Hundley's claims to determine the facts and circumstances relevant thereto. At this time, Nurse Adams is submitting this Special Report, which is supported by a Certified Copy of Plaintiff Hundley's medical records (attached hereto as Exhibit "A") and the Affidavit of Brad Adams, C.R.N.P. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that Plaintiff Hundley has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Christopher O'Neal Hundley (AIS# 206030) has been incarcerated as an inmate at Kilby Correctional Facility. (See Exhibits "A" and "B"). Hundley has been seen and evaluated by Kilby's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Kilby. (Id.)

Mr. Hundley has made a complaint in this case that Nurse Adams has failed to provide him with access to a physician for evaluation. (See Complaint). The Plaintiff's allegations are untrue, however, as Mr. Hundley has been referred to a physician each time an appointment has been indicated for him.

On May 9, 2005, Mr. Hundley presented to Kilby's infirmary for treatment of foot pain. Nurse Adams evaluated Mr. Hundley's feet and determined that they were unremarkable with the exception of evidence of a fungal infection commonly known as "athlete's foot". (See Exhibits "A" & "B"). In order to treat Hundley's "athlete's foot" Nurse Adams afforded him antifungal cream. (Id.) Further, he prescribed Mr. Hundley Motrin for pain. (Id.) During the time period in which Mr. Hundley complained to Nurse Adams of foot pain he was eligible for

multiple profiles and has been afforded a "Bottom Bunk Profile" to allow him easier access to his bed. (Id.)

Mr. Hundley's medical conditions and complaints have been evaluated in a timely fashion at Kilby Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (Id.)  At all times, he has received appropriate medical treatment for his health conditions at Kilby. (Id.)  At no time has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.)  At no time has Nurse Adams, or any of the medical or nursing staff at Kilby Correctional Facility, denied Mr. Hundley any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Hundley. (Id.) At all times, Mr. Hundley's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendant asserts the following defenses to the Plaintiff's claims:

1.    The Defendant denies each and every material allegation contained in the Plaintiff's Amended Complaint and demands strict proof thereof.

2.    The Defendant pleads not guilty to the charges in the Plaintiff's Amended Complaint.

3.    The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4.    The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5.    The Plaintiff is not entitled to any relief requested in the Complaint.

3

6.    The Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.    The Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8.    The Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint against the Defendant sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Defendant avers that he was at all times acting under color of state law and, therefore, he is entitled to substantive immunity under the law of the State of Alabama.

13.    The Defendant pleads the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

4

15.    The Plaintiff's claims against the Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did he act toward the Plaintiff with deliberate indifference to a serious medical need.

18.    The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20.    The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    The Defendant pleads the affirmative defense that he is not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

24.    The Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42

6

U.S.C. § 1988 to award this Defendant reasonable attorney's fees and costs incurred in the defense of this case.

31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Hundley's medical records reveals that Hundley has been given appropriate medical treatment at all times. (See Exhibits "A" & "B"). All of the allegations contained within Hundley's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Hundley's claims against the Defendant are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Hundley must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001).  In order to prevail, Hundley must allege and prove that he suffered from a serious medical need, that the Defendant was deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir.

2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendant may only be liable if he had knowledge of Hundley's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Hundley cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Defendant did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Hundley's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was not denied any necessary medical treatment. (See Exhibits "A" & "B"). Appropriate standards of care were followed at all times. The evidence, in other

words, shows without dispute that all of Plaintiff Hundley's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) These facts clearly disprove any claim that the Defendant acted intentionally or recklessly to deny treatment or care.

The Medical Defendant is, further, entitled to qualified immunity from all claims asserted by Hundley in this action.  There is no argument that the Defendant was not acting within the scope of his discretionary authority.  See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994).  Because the Defendant has demonstrated that he was acting within the scope of his discretionary authority, the burden shifts to Hundley to show that the Defendant violated clearly established law based upon objective standards.  Eubanks, 40 F. 3d at 1160.  The Eleventh Circuit requires that before the Defendant's actions can be said to have violated clearly established constitutional rights, Hundley must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual.  See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)).  The question that must be asked is whether the state of the law in 2005 gave the Defendant fair warning that his alleged treatment of Hundley was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Hundley must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendant to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Hundley's constitutional rights. All of Hundley's medical needs have been addressed or treated. The Defendant has treated Hundley's conditions, prescribed and provided needed medications, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (See Exhibits "A" & "B").

Finally, pursuant to the Court's June 2, 2005 Order, the Defendant requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendant has demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that he is, therefore, entitled to a judgment in his favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. <u>CONCLUSION</u>

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Defendant requests that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in his favor.

Respectfully submitted,

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendant Brad Adams, CRNP

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this _7_ day of July 2005, to:

Christopher O'Neal Hundley AIS# 206030
Kilby Correctional Facility
12201 Wares Ferry Road
Montgomery, AL 36117

R. Brett Garrett
Alabama State Bar Number GAR085