IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER O'NEAL HUNDLEY, # 206030, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 05-CV-502-D |
| BOB RILEY, et al., | ) ) ) |
| Defendants. | ) ) |

## SPECIAL REPORT

Come now the Defendants, Riley, Campbell, Daniels, Allen, and Howard, by and thru the undersigned counsel in the above-styled cause, and file this, their Special Report, stating as follows:

### PLAINTIFF'S ALLEGATIONS

Plaintiff allege his constitutional rights have been violated in the following manner:

1. That Defendants Daniels and Howard deprived him of his constitutional rights by assigning him a job at the Montgomery County Food Bank, which caused him an ankle injury.(Doc. 1: Complaint)

2. That he was subjected to unconstitutional living conditions at the Montgomery Community Work Center which violated his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 15; Amended Complaint)

### DEFENDANTS

Bob Riley, Governor of the State of Alabama

Donal Campbell, Commissioner of the Alabama Department of Corrections

Leeposey Daniels, Warden of the Montgomery Community Work Center

Elizabeth Allen, Steward I at the Montgomery Community Work Center

William Howard, Correctional Office II at Montgomery Work Center

## DEFENSES

The Plaintiff fails to state a cause of action against them for which relief can be granted.

The Plaintiff's claim does not state a cause of action that can be maintained under 42 U.S.C. § 1983.

The Plaintiff's claim under 42 U.S.C. § 1983 against the Defendants is partially based upon the theory of Respondeat Superior and cannot be maintained under 42 U.S.C. § 1983.

The Defendants are entitled to qualified and/or good faith immunity for the Plaintiff's allegations under 42 U.S.C. § 1983.

The Defendants were at all times acting and using their discretionary authority

## STATEMENT OF THE FACTS

Inmate Hundley was assigned to the Montgomery Community Work Center.

In April 2005, he was assigned to a job at the Montgomery County Food Bank. On April 15, 2005, Correctional staff were informed that inmate Hundley refused to work at his job at the Montgomery County Food Bank. Inmate Hundley was picked up at the job site and transported back to the Montgomery Work Center. Disciplinary action was taken against him for violating rule 54; Refusing to Work.(Exhibit 6; Incident Report MCBF-05-I0100) This incident report fails to mention any involvement that Warden Daniels or Sgt. Howard had in the incident. Sgt. Howard's only involvement in this incident was that he initially assigned this job and then later

was informed that he refused to work and was brought back to the Center.(Exhibit 8; Affidavit of Sgt. Howard and Exhibit 6; Incident Report MCBF-05-(I)0100.)

A disciplinary hearing was held on April 16, 2005. Inmate Hundley, and the requested witnesses, appeared at the disciplinary hearing. There was no testimony at this hearing indicating that inmate Hundley injured himself. At the conclusion of the hearing, the hearing officer found him guilty of the violation and recommended the loss of privileges. (Exhibit 7; Disciplinary Report)

On May 29, 2005, Steward Allen was supervising the serving of the evening meal. Inmate Hundley was working in the kitchen on the serving line. Steward Allen told inmate Hundley to stop throwing food on the other inmate's trays. In response, inmate Hundley started talking loudly causing the inmates in the line to become loud and laughing. Steward Allen told inmate Hundley to stop talking over the food and serve the food to the other inmates. Inmate Hundley was insubordinate and said he would give the Steward something to write him up about. He slung a spoon of rice on the top of the counter. Inmate Hundley was instructed to leave the serving line. (Exhibit 2; Affidavit of Steward Allen, Exhibit 3-5; Incident Report and Disciplinaries)

Disciplinary action was taken against inmate Hundley by Steward Allen. He was charged with violating rule 57; Insubordination and Rule 56; failure to Obey a Direct Order. (Exhibit 4-5) A disciplinary hearing was held on June 27, 2005. Inmate Hundley appeared at the disciplinary hearing. The witnesses he requested refused to testify on his behalf. At the conclusion of the hearing, the hearing officer found him guilty of the violations and recommended the loss of privileges.(Exhibit 4-5)

According to Warden Daniels, inmates are provided adequate living conditions, clothing, food and access to medical and rehabilitative services. The Montgomery Community Work Center was without hot water for a short period of time due to a defective boiler. During this time, a showering schedule was developed to allow inmates to have a hot shower until the new boiler was installed.

## ARGUMENTS

### Conditions of Confinement

The plaintiff contends the living conditions living conditions at the Montgomery Community Work Center violate his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 15; Amended Complaint)

The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) at 349. "A corollary to the state's obligation to provide inmates with constitutionally adequate shelter is the requirement of minimally adequate living space that includes reasonably adequately ventilation, sanitation, bedding, hygienic materials and utilities (i.e., hot and cold water, light, heat, plumbing)." Grubbs v. Bradle, 552 F.Supp. 1052 (M.D.Tenn. 1982), Cruotiner Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981).

"If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir. 2004)(quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

In Wilson v. Seiter, 501 U.S. ---, 111 S.Ct. 2321. 115 L.Ed.2d 271 (1991), the United

States Supreme Court held that in an eighth amendment violation claim, both objective and subjective criteria must be examined in determining whether deliberate indifference exists. See also Miller v. King, 384 F.3d 1248 (11th Cir. 2004) The question presented under the objective criteria is properly posed as : "Was the deprivation sufficiently serious?" Wilson at 2324 citing Rhodes v. Chapman, If the conduct in question meets the objective component, then the subjective standard must be employed; that is: "did the defendants act with a sufficiently culpable state of mind?". Wilson at 2324 citing Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct.1970, 1976, 128 L.Ed.2d 811 (1994)

The courts, have repeatedly recognized that the operation of a penal institution is, at best, a difficult assignment and that penal authorities must be given broad ranging discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460,103 S.Ct. 864,74 L.Ed.2d 675(1983).

Clearly, Inmate Hundley has failed to establish that the conditions he complains about rose to a constitutional violation. He has not specifically identified how he was injured as a result of these harsh prison conditions. Inmate Hudndley can not succeed on this claim as he is unable to meet the objective or subjective component.

In assessing a challenge to prison conditions in state correctional facilities, a federal court must also be mindful of the deference case authority requires be given to prison officials. See Sandin v. Connor, 515 U.S. 472, 482, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995). Affording deference and flexibility to prison officials is "especially warranted in the fine-tuning of the ordinary incidents of prison life. Such deference was recognized in that the operation of a penal

institution is, at best, a difficult assignment and that penal authorities must be given broad ranging discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their Judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979); Sims v. Mashburn, 25 F.3d 980 (11th Cir. 1994).

Clearly, Inmate Hundley has failed to establish that the conditions he complains about rose to a constitutional violation.

## RESPONDENT SUPERIOR

In addition, the allegations against Governor Riley and Commissioner Campbell, and arguably Warden Daniels and Sgt. Howard, is an attempt to hold them liable in their supervisory capacities. Supervisory officials are not liable under Section 1983 on the basis of respondeat superior or vicarious liability. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct 2018, 56 L. Ed.2d 611 (1978); Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Supervisory officials "[can]not be held liable under § 1983 for having the 'mere right to control without any control or direction having been exercised.'" Gilmere v. Atlanta, 774 F.2d 1495, 1504 (11th Cir. 1985)(en banc), cert. denied, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986), quoting Monell, supra. 436 U.S. at 694 n.58, 98 S.Ct. at 2037 n. 58. Supervisory liability under Section 1983 occurs only when the "supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of a supervising official and the alleged constitutional

6

deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)  There are no facts to support a theory of liability under respondeat superior or vicarious liability. The mere allegations against Governor Riley and Commissioner Campbell is that they hold certain positions, Governor and Commissioner. This is insuffeceint to impose liability on these officials.

As there are no issues of material fact and for the reasons herein stated, the Defendants, pursuant to F.R.C.P. 56(b), requests that a motion for summary judgment be granted.

Respectfully submitted,

_____
KIM T. THOMAS (THO115)
GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Inmate Christopher Hundley
AIS # 206030
Bibb Correctional Facility
565 Bibb Lane
Brent, Alabama 35034

by placing the same in first class mail, postage pre-paid on August 16, 2005.

_____
KIM T. THOMAS
GENERAL COUNSEL