# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **HUNDLEY, CHRISTOPHER**   Custody: **Min (Out)**   AIS: **B/206030**

2. Facility: **MONTGOMERY COMMUNITY WORK CENTER**

3. The above named inmate is being charged by **Steward Elizabeth Allen** with violation of rule number **#56** specifically **Failure to Obey a Direct Order** from regulation **#403** which occurred on or about **May 29, 2005** at (time) **4:05PM** (am/pm), Location: **MCWC Kitchen.** A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: On May 29, 2005 at approximately 4:05PM, inmate Christopher Hundley, B/206030, was instructed to stop throwing food and slinging food onto inmates' trays. Inmate Hundley refused to comply with Steward Allen's order to stop slinging food and slung a spoonful of rice onto the top of the counter. Inmate Hundley's actions are in direct violation of rule #56 – Failure to Obey a Direct Order.

**June 08, 2005**   Elizabeth Allen / *(signature)* / Steward I
Date                Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the ___ day of **June**, 2005, at (time) **11:28 AM** (am/pm).

*(signatures)* Cox
Serving Officer / Signature / Rank      Inmate's Signature / AIS Number

6. Witnesses desired?   NO _____   (YES) *Refuse to Sign Officer (signature)*
                        Inmate's Signature         Inmate's Signature

7. If yes, list: **Douthard, Strudsick B/126817, Davis, Derrio Leonar B/185791**

8. Hearing Date **6-27-05**   Time **6:45pm**   Place **Kitchen Steward office**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    *(signature)*
    Signature / Hearing Officer

11. Plea **Christopher Hundley** Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    *(signature)*
    Signature / Hearing Officer

ENTERED TERMINALS
DATE **6/29/05** BY _____

Annex C to AR 403 (Page 1 of 5)

JUN 27 2005

EXHIBIT # 5

13. Arresting Officer's testimony (at the hearing): **On 05/29/05 at approximately 4:05PM, inmate Christopher Hundley, B/206030, was instructed by Steward Allen to stop throwing food and slinging food onto inmates' trays. Inmate Hundley refused to comply with Stewards Allen's direct order to stop slinging food and slung a spoonful of rice onto the top of the counter. Inmate Hundley's actions are in direct violation of rule #56-Failure to Obey a Direct Order.**

14. Inmate's Testimony: **SEE ATTACHED STATEMENT ON BOTTOM OF QUESTION SHEET.**

Witness: **Derico Davis, B/185791**   Substance of Testimony: **I do not wish to be a witness for this inmate.**

Witness: **Strudsrick Douthard, B/126817**   Substance of Testimony: **I do not want to be a witness on this disciplinary.**

Witness: **NA**   Substance of Testimony: **NA**

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

    _____
    Signature / Hearing Officer

16. The following witnesses were not called  - Reason not called
    1. **NA**                              **NA**
    2. **NA**                              **NA**
    3. **NA**                              **NA**

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: __On 05/29/05, Steward Allen instructed inmate Hundley to stop throwing and slinging food onto inmates' trays. Inmate Hundley refused to do so, therefore inmate Hundley is in direct violation of rule #56 – Failure to Obey a Direct Order.__

18. Basis for Finding of Fact: __The Hearing Officer based his findings on the sworn testimony of the Arresting Officer, Steward Allen that she did give inmate Hundley a direct order and inmate Hundley refused to comply. The Hearing Officer did not believe the statements presented by inmate Hundley.__

19. Hearing Officer's Decision: __XXXX__ Guilty  _____ Not Guilty

20. Recommendation of Hearing Officer: __60 days loss of store, phone and visiting privileges. Refer to Classification and Job Board.__

    _____Franklin Brown_____
    Signature / Hearing Officer
    **Franklin Brown, COII**
    Typed Name and Title

21. Warden's Action – Date _6-29-05_
    Approved _Donald Adair_
    Disapproved _____
    Other (specify) _no reclass_

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _30th_ day of _June_ 2005, at (time) _5:37_ (am/~~pm~~).
    _Clarence Kilough COI_        _Refused to sign (CK)_
    Signature / Serving Officer / Title        Inmate's Signature and AIS Number

1. To: Deuthard, did INMate Hundley refused to comply with Steward Allen's at any time? Yes or NO (I Don't Know)

2. To: DAvis, did INMate Hundley throw or sling any Food on INmates trays? Yes or NO

3. To: both witnesses, did INmate Hundley say any thing that was out the way to Ms Allen? Yes or NO No Not To My Knowledge

4. To: both witnesses, did INmate Hundley tell Steward Allen that she can write him up because he's on medication and that he didn't have nothing but an Eos date? Yes or NO I Don't Know

5. To both witnesses, is it true that steward Allen didn't ask what happen when the rice wasted on top of the Counter, she just reacted in a unprofessional way? Yes or NO I Don't Know

6. To: Both witnesses, was inmate Hundley talking over the serving line? Yes or NO We All Do That

7. To Steward Allen, is it true that the reason you wrote INMate Hundley up is because he filed a Notice ON You. yes or NO   I don't Any Thing About him filing Notice on that DAte.

8. Statement: The reason Steward Allen wrote these false Disciplinary Reports is because MR. Hundley filed a Notice to the ALDoc Food Division and now she feel like she have to get me back with this.

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES
MENTAL HEALTH CONSULTATION TO DISCIPLINARY PROCESS

Inmate Name: Hundley, Christopher         AIS#: 206030
Institution: _____    Date of Disciplinary Report: _____

Is the inmate currently on the mental health caseload?     ☐ Yes   ☒ No
   If Yes, referred for mental health evaluation/consultation on: _____

**HEARING OFFICER:**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable to understand what the charge is and what might happen as a result of the charge or the inmate appears unable to actively participate in the hearing as suggested by the following:

*Does the inmate know where he is?*     *Does the inmate know what date it is?*     *Does inmate know why he is seeing hearing officer?*
*Is the inmate appropriately dressed?*     *Is inmate able to speak coherently?*     *Does the inmate avoid eye contact?*
*Does the inmate make sense?*     *Are the inmate's statements logical and organized or unusual?*

Should the inmate be referred for mental health evaluation of competency?   ☐ Yes   ☐ No
   If Yes, referred for mental health evaluation/consultation on: _____

**MENTAL HEALTH STAFF:**
Date request for consult received: 6/23/05       Date consult returned: 6/23/05

Is the inmate competent to participate in the hearing?                                 ☒ Yes   ☐ No
   If NO, why is the inmate not competent?

   If NO, what treatment will assist the inmate in becoming competent?

Are there mental health issues that may have impacted inmate's behavior at the time of the charge?   ☐ Yes   ☒ No
   If YES, briefly describe the issues:

Are there mental health issues to be considered regarding disposition if the inmate is found guilty?   ☐ Yes   ☒ No
   If YES, briefly describe the issues and possible relation to the disposition:

Does mental health staff want to be present at the disciplinary hearing to provide input?   ☐ Yes   ☒ No
Mental Health Staff Member: MHM/Correctional Services      Phone Contact: 215-6680

**DISCIPLINARY HEARING** Dr. Joseph McGinn

Does the inmate appear to be competent to participate in the hearing?     ☐ Yes   ☐ No
Have the mental health recommendations been considered?                    ☐ Yes   ☐ No

Hearing Officer: _____                    Date: _____

| Inmate Name | Hundley, Christopher | AIS # 206030 |

ALDOC Form 466-01

AR 466 – December 11, 2001




**State of Alabama**
**Alabama Department of Corrections**
Montgomery Community Work Center
P. O. Box 75
Mt. Meigs, Alabama 36057
Telephone: (334) 215-0702/6672   Fax: (334) 215-1124

BOB RILEY
GOVERNOR

LEEPOSEY DANIELS
WARDEN

DONAL CAMPBELL
COMMISSIONER

DONALD ADAIR
ASSISTANT DIRECTOR

June 14, 2005

# MEMORANDUM

**To:**   Kim Thomas,
         Deputy General Counsel

**From:** Leeposey Daniels, Warden
         Montgomery Community Work Center

**Re:**   Christopher Hundley, B/206030

This is to certify that the attached documents are true copies related to any incident/investigative reports or disciplinary actions in the matter, Christopher Hundley v. Leeposey Daniels, et al.; CV05-502.

Sworn to and subscribed before me and given under my hand and Official Seal this  13th  day of  June  2005.

_Donald Terry Adair_
Notary Public

_8/20/05_
My Commission Expires: