ALDOC Form 225B                                                         MCWC-05-(I)0100

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Hundley, Christopher**     Custody: **Min**     AIS: **B/206030**

2. Facility: **MONTGOMERY COMMUNITY WORK CENTER**

3. The above named inmate is being charged by **Officer Clarence Kimbrough** with violation of rule number **54** specifically **Refusing to Work** from regulation # **403** which occurred on or about **April 15**, 20**05** at (time) **6:45a.m.** (am / pm), Location: **Montgomery Food Bank**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On 4/15/05 at approximately 6:45a.m., Officer Clarence Kimbrough was advised by Mr. Corey Welch supervisor of the Food Bank that inmate Christopher Hundley B/206030, refused to work his assigned job at the food bank. Inmate Hundley's action is in direct violation of rule #54-Refusing to Work.**

   _Cpt Clarence Kimbrough_
   Officer Clarence Kimbrough

   **April 15, 2005**
   Date                                          Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **15** day of **April**, 20**05**, at (time) **09:00** (am/pm).

   _[signature]_ CO-1                        Inmate Refused to Sign
   Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

6. Witnesses desired?   NO _____   [YES] _Christopher Hundley_
                             Inmate's Signature              Inmate's Signature

7. If yes, list: Cornelus, Porter Jr. B/m 175674
   Elbert Woodard w/m 140968    Allen Crocket B/m 138035

8. Hearing Date **4-16-05**   Time **9:25 AM**   Place **Shift Office**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _Michelle Olley_
    Signature / Hearing Officer

11. Plea: _Christopher Hundley_ (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Michelle Olley_
    Signature / Hearing Officer

**DEFENDANT'S EXHIBIT 7**

ENTERED TERMINALS
DATE **4/18/05** BY _[signature]_

Annex C to AR 403 (Page 1 of 5)

13. Arresting Officer's testimony (at the hearing): On April 15, 2005, at approximately 6:45 a.m., Officer Clarence Kimbrough was advised by Mr. Corey Welch, Supervisor of the Food Bank, that inmate Christopher Hundley B/206030, refused to work his assigned job at the Food Bank.

14. Inmate's Testimony: I did not refuse to work at anytime. Mr. Welch is always nit picking at me. He changed my job from the kitchen to salvage. I went ahead and worked salvage but I asked Mr. Welch why did he move me from the kitchen. Mr Welch told me I did not mop the entire floor. I told him I had never mopped the whole floor that no one had told me to. I then told Mr. Welch I wanted to talk to Mr. Adams, that is Mr. Welch Supervisor, Mr. Welch told me he would handle it. I saw Mr Adams in the area so I went and talked to him myself.

Witness: Cornelus Porter B/175674    Substance of Testimony: I work next to Inmate Hundley. When Hundley was assigned to salvage he worked. I saw inmate Hundley working. Q-Did you witness Mr Welch and Hudley in a verbal confrontation A-No

Witness: Allen Crockett B/138035    Substance of Testimony: I saw inmate Hundley working. Inmate Hundley is a good worker, but he had just got moved from the kitchen to salvage. They said he Was to slow for the kitchen. Q-did inmate Hundley talk back or become insubordinate to Mr Welch When Mr Welch moved inmate Hundley from the kitchen? A- no, I did not see or hear that. Q- When Mr. Welch told inmate Hundley to go to work did Hundley comply A-yes. Mr. Welch didn't like that Hundley talked to his boss.

Witness: Elbert Woodard W/140968    Substance of Testimony: Q-What area do you work in? A- I work moving around. Q-Did you hear a conversation between Mr Welch and inmate Hundley ? A- Well I could not tell what they were saying but I would see them talking and I would go and do something and come back and they were still talking. Inmate Hundley would walk away and work and then go back and talk to Mr. Welch.

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

   1. NA                                      NA
   2. NA                                      NA
   3. NA                                      NA

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On April 15, 2005, at approximately 6:45 a.m., Officer Clarence Kimbrough was advised by Mr. Corey Welch, Supervisor at Montgomery Food Bank, that inmate Christopher Hundley B/206030, refused to work his assigned job at the Food Bank. Inmates assigned to MCWC are required to work their assigned job. Inmate Hundley's action is in dirct violation of rule 54 - Refusing to Work.

18. Basis for Finding of Fact: Based on the Arresting Officer sworn statement and testimony while under oath that he indeed received a call from Mr Corey Welch, stating that inmate Christopher Hundley B/206030, did refuse to work. The Hearing Officer also believes that Mr Welch had advised inmate Hundley to go to work on several occasion but inmate Hundley continued to question Mr Welch's decision to move inmate Hundley from the kitchen to salvage. Inmate Hundley even went as far as to go to Mr Welch's supervisor with this complaint after Mr Welch had told inmate Hundley he would handle it. Inmate Hundley should have been working while he was talking to Mr Welch Supervisor.

19. Hearing Officer's Decision: __XXXX__ Guilty  _____ Not Guilty

20. Recommendation of Hearing Officer: Loss of store, visiting, telephone for 45 days. Recommend to Classification and job Board for re-class. All sanction to run consecutive with any already imposed.
    GTA=0   Last Disc.Rule #64-Possession of Contraband 3-15-2004

    _____
    Signature / Hearing Officer

    Michelle Ellington, COII
    Typed Name and Title

21. Warden's Action – Date 4/18/05
    Approved ____
    Disapproved ____
    Other (specify) No - Re - Class

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the __18th__ day of __April__ 20_05_ at (time) _8:40_ (am/pm).

    Joseph Bush COI                              Refused to sign
    Signature / Serving Officer / Title          Inmate's Signature and AIS Number

4/15/0:

1. Officer Clarence Kimbrough, Was you told by Corey Welch Supervisor of the Food Bank, word for word that Chris Hundley refused to work or stop working? (Yes) or No

2. Cornelus Porter JR., At any time did Chris Hundley refused to work or stop working? Yes or (No)

3. Elbert Woodard, At any time did Chris Hundley refused to work or stop working? Yes or (No)

4. Allen Crocket, At any time did Chris Hundley refused to work or stop working? Yes or (No)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTOPHER O'NEAL HUNDLEY ) | |
| AIS # 206030 ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-502-D |
| ) | |
| WILLIAM J. HOWARD, ) | |
| ) | |
| Defendant ) | |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared one William Howard, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is William Howard, and I am presently employed as a Correctional Officer II with the Alabama Department of Corrections at Montgomery Community work Center in Montgomery, Alabama. I am over twenty-one (21) years of age.

Inmate Christopher O. Hundley, #206030, have made the following charges against me in his complaint:

1. That I deprived him of his 8th and 14th Amendments in accordance to the United States Constitution.

Response: I have no knowledge of the alleged allegations as stated by inmate Hundley.

2. That I assumed him a job with the Montgomery Area Food Bank and caused him wrongful injury.

Response: I did in fact assign inmate Hundley to the Montgomery Area Food Bank. This a un-
skilled labor assignment. I have no knowledge as to how I caused him a wrongful injury.

3. That I practice unfair and discriminatory acts.

Response: This statement is untrue. In carrying out my duties and responsibilities, I have acted only in accordance with the rules and regulations of the Department of Corrections.

The above responses are true and complete to the best of my knowledge and belief.

_____
William Howard, COII

DEFENDANT'S
EXHIBIT
8